IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DALE ANTWON DAVIS,
    Plaintiff,

vs.                                            Case No.: 3:16cv437/RV/EMT

LT. MATTHEW GREEN, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (ECF Nos. 1, 2). Upon review of the complaint, it is apparent that venue is not proper in the Northern District. Accordingly, this case should be transferred.

Plaintiff is an inmate currently housed at Santa Rosa Correctional Institution in Milton, Florida. He names two Defendants in this matter, Lt. Matthew Green, a correctional officer at Suwannee Correctional Institution, and Julie Jones, Secretary of the Florida Department of Corrections (ECF No. 1 at 1). Plaintiff complains that Defendant Lt. Green subjected him to cruel and unusual punishment (*id.* at 2–3).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

Page 3 of 6

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. *See* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09, 67 S. Ct. 839, 91 L. Ed. 1055 (1988), *superseded by statute on other grounds as explained in* American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994)[1]; *accord* Cowan v. Ford Motor Co., 713 F.2d 100, 103 (5th Cir. 1983).[2]  While forum

---

[1] In American Dredging, the Court explained:

> Gilbert held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981). As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

American Dredging, 510 U.S. at 449 n.2.

[2] In Cowan, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in Norwood v. Kirkpatrick, "the harshest result of the application of the

non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in Gilbert, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

> The factors set forth in Gilbert are as follows:
>
> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

Gilbert, 330 U.S. at 508–09.

In the instant case, the acts or occurrences forming the basis of the complaint occurred in Suwannee County, Florida, which is located in the Middle District. Thus, attendance of witnesses and availability of sources of proof favor a transfer there.

---

old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

Cowan, 713 F.2d at 103 (additional citations omitted).

Case No.: 3:16cv437/RV/EMT

Moreover, this community appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[3] Therefore, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Middle District of Florida.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 19th day of September 2016.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

Case No.: 3:16cv437/RV/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**